UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────X

BRANDON McFADDEN,

                 Plaintiff,

-against-                                    MEMORANDUM AND ORDER
                                                10-CV-01176 (RRM)(VVP)
CITY OF NEW YORK; QUEENS DST
ATT OFFICE, RICHARD BROWN, D.A.,
PETER McQUIRE #5484 et al.,[1]

                 Defendants.
──────────────────────────────────X
MAUSKOPF, United States District Judge.

      Plaintiff, currently incarcerated at Washington Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging false arrest "on around July of 1999 at 13-67 McBride street Far Rockaway N.Y. 11691" and false imprisonment. (Complaint at IV.) He seeks damages. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. As set forth below, plaintiff is directed to show cause within thirty days why this action should not be dismissed as time-barred.

## STANDARD OF REVIEW

      Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

───────────────

[1]    Plaintiff names these four defendants in the caption but adds twelve more in the text of the complaint: "Joseph Arcci Lieutenant; Gerald Daly, Sergeant #348; Rodney Vega, Detective, #4605; Joseph Mogenis, Detective, #0412; Joseph Grinder, Detective, #5973; P.O. John McPartland, #7036, P.O. Christophe Conversano, #7634; P.O. Edward Figurski #7634; Charles Scheferston, Detective, #3277; William Riley, Lieutenant; P.O. Leonard, Mastrogiacomo, #4884." (Complaint at 2-4.)

entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999). The Court construes plaintiff's *pro se* pleadings liberally particularly because they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## FACTUAL BACKGROUND

The entirety of plaintiff's statement of claim is as follows:

> While doing some work at a job site on around July of 1999 at 13-67 McBride street Far Rockaway N.Y. 11691 I was falsley arrested and accused of a crime that I did not comitt. I was arressted, spend 10 month in Riker's island unlawfully after case was dismissed.

(Complaint at IV.)

## DISCUSSION

In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*

**1. The Claim against Richard Brown, District Attorney of Queens County and The Queens County District Attorney's Office is Dismissed**

The District Attorney's Office is an arm of the State of New York and thus any claims

2

against it or its employees in an official capacity are barred by the doctrine of state sovereign immunity. *Marbley v. Bane*, 57 F.3d 224, 233 (2d Cir. 1995) (an official arm of a state enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) ("When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county.") (quoting *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988)). In interpreting § 1983 to take into account state sovereign immunity provided by the Eleventh Amendment, the Supreme Court has plainly held that neither states nor its officers (when sued in their official capacities) are "persons" that are subject to suit under the statute. *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (the Eleventh Amendment does not bar § 1983 suits against state officials in their individual and personal capacity); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (neither states nor state officials acting in their official capacities are persons within the meaning of § 1983); *Ying Jing Gan*, 996 F.2d at 529 ("The immunity to which a state's official may be entitled in a § 1983 action depends initially on the capacity in which he is sued. To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state.")

Moreover, defendant Brown cannot be liable under section 1983 because he was not personally involved in the alleged constitutional violation, *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir.1991)), and there is no supervisory

3

liability under section 1983. *Russo v. City of Bridgeport*, 479 F.3d 196, 210 (2d Cir. 2007) (A supervisor may not be held liable under § 1983 simply because one or more of his subordinates committed a constitutional tort).[2] Thus, the complaint against the Queens County District Attorney's Office and defendant Brown is dismissed because it seeks monetary relief from a defendant who is immune and was not personally involved in the alleged constitutional violation. 28 U.S.C. § 1915A.

## 2. City of New York

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (even expert testimony as to the gross inadequacy of departmental procedures has been viewed by the Supreme Court as inadequate to establish a policy of "deliberate indifference" where only one incident of alleged police brutality was demonstrated at trial). Here, plaintiff does not allege, and

---

[2] In addition, defendant Brown, District Attorney of Queens County, has prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors enjoy absolute immunity from liability under § 1983 in suits seeking damages for acts carried out in their prosecutorial capacities)

nothing in his complaint suggests, that any of the allegedly wrongful acts were attributable to a municipal policy or custom. Accordingly, there does not appear to be any basis for suing the City of New York. Thus, plaintiff's § 1983 claim against the City of New York is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

### 3. Remaining Defendants- Statute of Limitations

The complaint also suffers from an overarching problem: it appears that this action is barred by the statute of limitations since the arrest complained of occurred in 1999, while this action was filed only recently in 2010, well beyond the three-year statute of limitations applicable to 42 U.S.C. § 1983 actions. *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994). Moreover, plaintiff has alleged no basis for equitable tolling. *Wallace v. Kato*, 549 U.S. 384, 395 (2007); *Abbas v. Dixon*, 480 F.3d 636, 641-42 (2d Cir. 2007). Accordingly, plaintiff is directed to show cause within thirty days of the date of this Order why this action should not be dismissed as time-barred.

## CONCLUSION

Accordingly, the complaint against the Queens District Attorney Richard Brown, the Queens District Attorney's Office and the City of New York are dismissed. 28 U.S.C. § 1915A. No summons shall issue against these defendants.

As to the remaining defendants, plaintiff shall have thirty days to show cause why this action should not be dismissed as time-barred by the three-year statute of limitations applicable to 42 U.S.C. § 1983 actions. Plaintiff must also allege the personal involvement of each individual defendant named in the amended complaint. All further proceedings shall be stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed or show good cause why he cannot comply, the complaint against the

remaining defendants will be dismissed as time-barred. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 11, 2010

/S/
ROSLYNN R. MAUSKOPF
United States District Judge